IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3061 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JUDGE STRONG, County Court | ) | |
| Judge, JAN E. BERAN, Attorney, | ) | |
| JENNIFER JOAKIM, Attorney, and | ) | |
| JUDGE FOX, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Samar Akins ("Plaintiff") filed his Complaint in this matter on March 24, 2014. (Filing No. 1.) On May 14, 2014, Plaintiff filed a motion seeking to amend his Complaint to add an additional defendant, which the court granted. (*See* Filing No. 8 and Filing No. 9.)

The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.      **SUMMARY OF COMPLAINT**

Plaintiff Samar Akins filed this suit against Judge Strong, Judge Fox, Jan Beran, and Jennifer Joakim. Judges Strong and Fox are state court judges. Beran and Joakim are attorneys who represented Plaintiff's landlord in eviction proceedings held in state court. Plaintiff alleges these defendants conspired to violate his civil rights. (*See generally* Filing No. 1 and Filing No. 8.)

Plaintiff alleges Defendants conspired to evict him from his property, and this conspiracy occurred over the course of two hearings held in state court. At the first hearing, Beran and Joakim did not negotiate a settlement agreement with Plaintiff in

good faith, and also did not "afford [Plaintiff] the protections and rights guaranteed through the Universal Landlord Tenant Act and the Nebraska Landlord Tenant Act, along with the 14th [and] 8th [Amendments], and all applicable laws." (Filing No. 1 at CM/ECF pp. 2, 4.) Also at the first hearing, Judge Strong refused to allow Plaintiff to assert a counterclaim against his landlord. (*Id.*) Plaintiff argues that because Judge Strong, Beran, and Joakim "all know the laws concerning [the] landlord tenant act, this departure from common law must be a scheme created to benefit the landlords, judges, and attorneys financially and politically." (*Id.* at CM/ECF p. 3.)

At the second hearing, Judge Fox "utilized coercion and intimidation in furtherance of this conspiracy as he requested that a deputy be present during [the] hearing." (Filing No. 8 at CM/ECF p. 1.) The deputy's presence caused Plaintiff to fear for his safety and resulted in Plaintiff not participating in the hearing. (*Id.* at CM/ECF p. 2.) As a result, a judgment was entered against Plaintiff "for 2,0660 [sic] and attorney fees of 2,065.00." (*Id.*) As relief in this matter, Plaintiff seeks compensatory damages in the amount of $25,000, and punitive damages in any amount "the court sees fit." (*See* Filing No. 8 at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failure to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citation omitted). Pro se litigants must comply with the Federal Rules of Civil Procedure. See *Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a Plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Judicial Immunity

Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Moreover, "[a] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 12. (quotation omitted). Absolute judicial immunity applies to monetary damages claims only and does not extend to suits requesting prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984).

Here, the actions of which Plaintiff complains were quintessential judicial acts taken by Judges Strong and Fox in a court case performing their traditional judicial functions in their judicial capacities. Plaintiff alleges that Judge Strong is not entitled to judicial immunity because her actions "fell outside the boundaries of her job description" (Filing No. 1 at CM/ECF p. 4.), however, these allegations are insufficient to establish a plausible claim that Judge Strong's acts were not a normal judicial function or that her actions were taken in complete absence of all jurisdiction. Indeed, the only claims being brought against Judges Strong and Fox concern their judicial rulings in Plaintiff's eviction proceedings. Accordingly, Plaintiff's claims against Judges Strong and Fox must be dismissed.

B.  Civil Conspiracy

In order to state a conspiracy claim, "the plaintiff must at least allege that the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding, and provide some facts suggesting such a meeting of the minds." *Haley v. Dormire*, 845 F.2d 1488, 1490 (8th Cir. 1988) (internal quotation omitted). More specifically, to state a § 1983 claim against a private actor for conspiracy, the petitioner must "establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of conspiracy." *Crawford v. Van Buren Cnty.*, 678 F.3d 666, 670 (8th Cir. 2012) (internal quotation omitted).

Here, Plaintiff's allegations that Beran and Joakim conspired with Judges Strong and Fox to evict him from his property are conclusory and do not include specific facts showing that the conspirators had a meeting of the minds to violate his civil rights and evict him from his home. Because the court is not required to supply additional facts or construct a legal theory that assumes facts that have not been pleaded, the court finds that Plaintiff fails to state a civil conspiracy claim upon which relief may be granted. See *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). On the court's own motion, Plaintiff will be given an

4

opportunity to plead sufficient facts to state a civil conspiracy claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days from the date of this Memorandum and Order to amend his Complaint to clearly state a civil conspiracy claim upon which relief may be granted. Failure to file an amended complaint in accordance with this Memorandum and Order will result in dismissal of this matter without further notice to Plaintiff.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in his Memorandum and Order.

3. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: August 4, 2014: deadline for Plaintiff to amend.

4. Plaintiff must keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal of this matter without further notice.

DATED this 2nd day of July, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.